IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY K. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-00278-KD-N |
| | ) | |
| HALLIE DIXON, in her official capacity | ) | |
| as Baldwin County District Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kathy K. Wood, a citizen of the State of Alabama, has filed a single-count complaint, against Hallie Dixon, in her official capacity as the District Attorney of Baldwin County, Alabama, alleging that Dixon unlawfully discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 28 U.S.C. § 621 *et seq.* (Doc. 1). Dixon has filed a motion to dismiss, in which it is alleged that Wood's lawsuit is barred by sovereign immunity, under the Eleventh Amendment to the United States Constitution (Docs. 4, 5).[1] Wood has responded (Doc. 7). Dixon has replied (Doc. 8). And this matter is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and

---

[1] On its face, Dixon's motion cites Rule 12(b)(6) (*see* Doc. 4 at 1), but, correctly, her brief discusses Rule 12(b)(1) (*see, e.g.,* Doc. 5 at 2). "[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists." *Thomas v. U.S. Postal Serv.*, 364 Fed. App'x 600, 601 n.3 (11th Cir. Feb. 8, 2010) (per curiam) (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996) and noting it would be error—although, there, harmless error—for a district court to make such a dismissal pursuant to Rule 12(b)(6)).

Local Rule 72.2.

After consideration of the pleadings, and for the reason explained herein—that is: because this Court lacks subject matter jurisdiction—it is **RECOMMENDED** that the motion to dismiss be **GRANTED** and that this case be **DISMISSED**.

## I.    Applicable Background

According to her complaint, Wood, who is over the age of forty, was hired by the Baldwin County District Attorney's Office as a Victim Services Officer (a "VSO") in January 1990. (*See* Doc. 1, ¶¶ 7, 10.) Defendant Dixon, elected District Attorney in June 2010, assumed that office in January 2011 (*see id.*, ¶ 11) and, that same month, "substantially reduced Wood's salary"—such that it "was commensurate to a first-year VSO"; Wood's "duties and responsibilities did not change[,]" however (*id.*, ¶ 12.) Wood alleges that "[t]he salar[ies] of younger and substantially less experienced VSO[]s were not reduced nor were they asked to reduce their salaries" (*id.*, ¶ 13), and informs the Court that Dixon terminated her on or about February 18, 2011, replacing her with "a 22[-]year old female, who had substantially less experience and qualifications to hold the position of VSO." (*Id.*, ¶¶ 14, 17.)

Her single-count ADEA complaint was filed in this Court on May 24, 2013. And, according to the complaint's prayer for relief, Wood seeks the following:

   a.   "a declaratory judgment that the actions, policies and practices complained of herein of the defendant violate the [ADEA]";

   b.   "a preliminary injunction enjoining the defendant, their [sic] agents, successors, employees and attorneys and those acting in concert with them and at their discretion, from maintaining or continuing the policies, practices, customs and usages of denying, abridging,

> withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination, as provided for under [the ADEA]";

c. "back pay and benefits";

d. "front pay or wages";

e. "compensatory damages . . . as well as liquidated [or punitive] damages";

f. "costs and expenses . . . including an award of reasonable attorney's fees"; and

g. for the Court to retain jurisdiction over this lawsuit "to insure that defendants [sic] comply with the law . . . ."

(*Id.* at 6-8.)

## II.  Analysis

A review of the parties' briefing reveals that they agree on a lot. Boiled down, they agree that the Eleventh Amendment bars this lawsuit ***unless*** it fits under the *Ex parte Young* exception to sovereign immunity. (*Compare* Doc. 5 at 3-6, *with* Doc. 7 at 1-4.) But, as explained below, it does not.

### A. Sovereign Immunity.

Dixon has been sued in her official capacity as the District Attorney of Baldwin County. *See Hall v. Alabama*, No. 2:09-cv-342-MHT, 2010 WL 582076, at *11 (M.D. Ala. Feb. 18, 2010) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))). And the office she represents "is deemed to be an agency of the State of Alabama inasmuch as it receives its funding from the State." *Peeples v. Mobile Cnty. Dist. Attorney's Office*,

Civil Action No. 11–00217–CG–B, 2011 WL 5217257, at *2 (S.D. Ala. Oct. 11, 2011) (citing *Hooks v. Hitt*, 539 So.2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state" (citing ALA. CODE § 12–7–182 (1975)); *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 790 (1997) (observing that an Alabama district attorney is a state official)), *report and recommendation adopted*, 2011 WL 5289016 (S.D. Ala. Nov. 2, 2011); *see also Hall*, 2010 WL 582076, at *11 ("a suit against [Alabama district attorneys] in their official capacity is in reality a suit against the state of Alabama").

Thus, Wood has sued the State of Alabama, and "a lawsuit against the State or its agencies is barred by the Eleventh Amendment ***regardless of the relief requested***[,]" with two exceptions. *Peeples*, 2011 WL 5217257, at *2 (citations omitted and emphasis added); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the amendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The first exception is "if the State has waived its immunity . . . . Alabama, however, has not waived its Eleventh Amendment immunity." *Peeples*, 2011 WL 5217257, at *2 (citing *Carr*, 916 F.2d at 1524-25; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997)). The second exception is if "Congress has abrogated the State's immunity." *Id.* (citations omitted). And,

4

while the ADEA's "language expressly allows suits against state entities, the Supreme Court has determined that the ADEA does not abrogate state entities' Eleventh Amendment immunity because the ADEA is grounded in Congress's Article I powers, not Congress's powers to enforce the Fourteenth Amendment." *Hillemann v. University of Cent. Fla.*, 167 Fed. App'x 747, 748 (11th Cir. Jan. 18, 2006) (per curiam) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000)).

**B.** ***Ex parte Young.***

In an effort to snatch her ADEA claim from the jaws of the Eleventh Amendment, Wood turns to the "[o]ne narrow caveat to state sovereign immunity"—"the doctrine, first enunciated in *Ex Parte Young*, 209 U.S. 123 (1908), that 'the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief' against state officials 'to prevent a ***continuing*** violation of federal law' because such conduct is not considered to be state action." *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406-07 (E.D.N.Y. 2010) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)) (emphasis added); *see also Walker v. Jefferson Cnty. Bd. of Educ.*, No. 2:13–CV–00524–RDP, 2013 WL 4056224, at *3 (N.D. Ala. Aug. 12, 2013) ("In certain circumstances, state officials may be subject to suit, despite the Eleventh Amendment, under the 'fiction' of *Ex parte Young*. That fiction allows an individual to obtain a federal injunction against a state officer to force the officer to comply with federal law." (citations omitted)).

"In determining whether *Young*'s exception to sovereign immunity applies, 'a

5

court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."'" *Id.* (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (in turn quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997))). "The court need not look to the merits of the suit to determine whether *Young* applies; an allegation in the complaint will suffice." *Id. see also McCluskey v. Commissioner of Nassau Cnty. Dep't of Soc. Sers.*, No. 12–CV–3852(JFB)(ETB), 2013 WL 4780954, at *8 (E.D.N.Y. Sept. 5, 2013) (A plaintiff need only plead "facts sufficient to support the application of [the *Ex parte Young*] exception to [his or her] case."); *accord Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1312-13 (M.D. Ala. 2012).[2] And, on reply—in response to Wood's invocation of

---

[2] In *Henderson*, the court held, "Because the plaintiffs[—a class of all current and future HIV+ Alabama state prisoners—]have alleged an ongoing violation of federal law and are seeking only prospective relief, sovereign immunity presents no bar to this action." *Id.* at 1313; *see also D.T.M. ex rel. McCartney v. Cansler*, 382 Fed. App'x 334, 337-38 (4th Cir. June 11, 2010) (per curiam) ("[T]he fact that Plaintiffs[—a class of Medicaid-eligible children whose Medicaid benefits had been reduced or terminated—]cannot prove entitlement to the prospective relief they seek does not mean that the relief they seek is not prospective. And, in any event, even if the prospective reinstatement of benefits—the remedy on which the Secretary has focused—were not a prospective remedy, injunctive relief from the continuation of HHS's allegedly illegal practices would be, and the *Ex parte Young* exception would apply. The Secretary's second argument, that Plaintiffs have not alleged an ongoing violation of federal law, is also a merits-based argument dressed in Eleventh Amendment clothing. The Secretary argues that to determine whether Plaintiffs allege an ongoing violation for *Ex parte Young* purposes, 'this Court must determine what pre-deprivation and post-deprivation process is provided and whether it is constitutionally adequate.' However, to fall within the *Ex parte Young* exception, it is sufficient for Plaintiffs' suit to allege an ongoing violation of federal law; actually proving such an ongoing violation is unnecessary." (citations omitted)).

As *Henderson* and *D.T.M.* make clear, for purposes of determining jurisdiction pursuant to *Ex parte Young*, it is not proper to dig into the merits of the prospective injunctive relief being sought. However, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Richards v. Ernest & Young, LLP*, --- F.3d ----, 2013 WL 4437601, at *1 (9th Cir. Aug. 21, 2013) (quoting *Equity Lifestyle Props., Inc. v.*

6

*Young*—Dixon asserts,

> Because Plaintiff's entire ADEA claim arises out of conduct culminating in her termination more than two years ago, her allegations can at best be interpreted to assert claims for discrete conduct that occurred "at one time or over a period of time in the past," as opposed to an ongoing or continuing violation. A mere request for injunctive or declaratory remedies in the Prayer for Relief of her Complaint does not alter the fact that Plaintiff has failed to allege an ongoing or continuing violation of the ADEA as required by the *Ex parte Young* doctrine.

(Doc. 8 at 3 (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999)).)

### C. Standing.

As Dixon alludes in her reply, the above argument can properly be characterized as one asserting that Wood lacks standing to seek the prospective injunctive relief set out in her complaint.[3] (*See id.* (citing *Hilburn v. Department of*

---

*County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008)). Indeed, federal courts always must be cognizant not to assume standing exists. They are, instead, "under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1283 n.2 (11th Cir. 2012) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990) and citing *Arnold v. Martin*, 449 F.3d 1338, 1341 (11th Cir. 2006) (per curiam) ("Precedent obligates us to determine on our own initiative whether [the plaintiff] has standing.")).

[3] Even if this lawsuit was to proceed pursuant to *Ex parte Young*, Wood is not entitled to any relief she seeks that is clearly retroactive; this includes: compensatory and punitive damages; back pay; and front pay. *See, e.g., Cobb v. Alabama*, Civil Action No. 2:10cv502–MHT, 2011 WL 3666696, at *3 (M.D. Ala. Aug. 22, 2011) ("Cobb does conflate her requests for prospective and retrospective relief in some respects. . . . To the extent that [a] request is construed as 'back pay,' Cobb is seeking retrospective relief. Additionally, Cobb seeks medical and out-of-pocket expenses, back pay, and liquidated damages under the FMLA. These requests for relief are retrospective and, therefore, are barred by sovereign immunity." (citations omitted)); *Walker*, 2013 WL 4056224, at *2 ("An award of back pay is retroactive relief and would constitute the payment of money damages from the state treasury in a suit against state officials." (citations and internal quotation marks omitted)); *Pechon v. Louisiana Dep't of Health & Hosps.*, Civil Action No. 08–0664, 2009 WL 2046766, at *10 (E.D. La. July 14, 2009) ("Front-pay awards do not meet the *Ex Parte*

*Corr.*, Civil Action No. 2:07–cv–06064, 2010 WL 703202, at *6 (D.N.J. Feb. 23, 2010) ("Plaintiff has been fired; he is not at risk of being fired again; he has no **standing** to seek prospective injunctive relief." (emphasis added))).[4]); *compare Hilburn*, 2010 WL 703202, at *6, *with O'Donnell v. Pennsylvania Dep't of Corr.*, 790 F. Supp. 2d 289, 306 (M.D. Pa. 2011) ("In this case, Plaintiff has sued the Individual Defendants in their official capacities, and purports to be seeking prospective injunctive relief. Plaintiff's claims for injunctive relief, however, are unable to survive given an undisputed fact of this case, namely, the fact that Plaintiff is no longer employed by the Department of Corrections and thus appears to have no standing to seek injunctive relief relating to her employment or employment conditions."); *see also Opala v. Watt*, 454 F.3d 1154, 1158 (10th Cir. 2006).[5]

---

*Young* exception because they are designed to compensate a plaintiff for a past violation of federal law and are usually paid from funds in the state treasury." (citations omitted)); *cf. Manzini v. Florida Bar*, No. 11–22505–CIV, 2012 WL 2524265, at *4 (S.D. Fla. May 1, 2012) ("Eleventh Amendment immunity extends to damages claims, but not claims for prospective injunctive relief against a responsible state officer[.]" (citing *Gamble v. Florida Dep't of Health & Rehab. Svcs.*, 779 F.2d 1509, 1511 (11th Cir. 1986))), *report and recommendation adopted*, 2012 WL (S.D. Fla. June 29, 2012), *aff'd*, 511 Fed. App'x 978 (11th Cir. Mar. 11, 2013), *cert. denied*, 2013 WL 3489865 (U.S. Oct. 7, 2013).

[4] The next sentence in *Hilburn* is: "In other words, plaintiff must demonstrate that he faces a 'real or immediate threat that [he] would be wronged again' in this manner." *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Rizzo v. Goode*, 423 U.S. 362 (1976)).

[5] In *Opala*, a lawsuit brought by a former justice of the Oklahoma Supreme Court against his fellow justices, alleging discrimination because of age, the Tenth Circuit determined that the district court's analysis of its jurisdiction—in which it "concluded that the mere fact that Opala was seeking to 'right a previous wrong' did not disqualify the action from the *Ex Parte Young* exception"—"was incomplete: Not only must the requested relief be prospective in nature (to satisfy *Ex Parte Young*), a ruling from this court must be capable of redressing the alleged injury for Justice Opala to have standing to file his suit." *Id.* (concluding that because Justice Opala was no longer the Vice-Chief Justice of the Oklahoma Supreme Court, the relief he sought would not redress his claimed injury and, thus, there was no Article III jurisdiction).

In addition to satisfying the three standing requirements set out in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), "[w]here, as here, a plaintiff seeks injunctive relief, he or she must also establish a 'real and immediate threat of repeated injury' demonstrated by more than '[p]ast exposure to illegal conduct.'" *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465 (S.D.N.Y. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "Put another way, a plaintiff seeking prospective relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future. [Accordingly,] a plaintiff generally lacks standing to seek injunctive or declaratory relief against his or her former employer, as there is no prospect that he or she will be injured in the future." *Id.* at 465-66 (citations and internal quotation marks omitted)[6]; *see also Bane v. Virginia Dep't of Corr.*, Civil Action No. 7:12–cv–159, 2012 WL 6738274, at *3 (W.D. Va. Dec. 28, 2012) ("Because Bane seeks primarily injunctive relief, the Court first considers whether he has standing to seek that relief. Bane seeks prospective injunctive relief for all but one of his claims in a clear attempt to come under the protective umbrella of *Ex Parte Young*[.] . . . Thus, sovereign immunity

---

[6] In a rather stark example, it has been held that the mother of a dead inmate, alleging that "excessive force and denial of medical care [ ] led to the death of her son in prison . . . does not have standing to seek prospective relief allowed under *Ex parte Young*" because she "[did] not assert any likelihood that her rights will be similarly violated in the future." *White v. Livingston*, Civil Action No. H–08–2413, 2009 WL 2900771, at *6-7 (S.D. Tex., Sept. 3, 2009) (Rosenthal, J.) (in part relying on *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("To pursue an injunction or a declaratory judgment, the [plaintiffs] must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations.")); *see id.* at *6 ("When a plaintiff 'allege[s] only a single, past statutory violation and does not assert any likelihood that he will be subjected to a similar violation in the future,' he does not have standing to seek the prospective relief allowed under *Ex parte Young*." (quoting *Armstrong*, 141 F.3d at 563)).

does not bar Bane's claims for injunctive relief. That, however, leads to another problem: whether Bane has standing to pursue injunctive relief for distinct past harms. The parties have not briefed the issue, but federal courts are obligated to *sua sponte* examine standing, even if the parties have not raised it." (citations and footnote omitted)).

Because Wood is no longer employed by the Baldwin County District Attorney's Office—and because she is not seeking reinstatement[7]—she simply lacks standing to assert prospective injunctive relief pursuant to *Ex parte Young*. As such, this lawsuit is barred by the Eleventh Amendment, leaving this Court without jurisdiction.[8]

---

[7] "[I]n the context of unlawful termination claims, [ ] '[e]very Circuit to have considered the issue . . . has held that claims for reinstatement to previous employment satisfy *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar.'" *Hollywood Mobile Estates Ltd. v. Cypress*, 415 Fed. App'x 207, 209-10 (11th Cir. Feb. 24, 2011) (per curiam) (quoting *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007)); *compare Doe v. Bd. of Trustees of Univ. of Ill.*, 429 F. Supp. 2d 930, 940–41 (N.D. Ill. 2006) (neither demotion nor, where reinstatement is not sought, dismissal can be utilized to allege an ongoing violation (discussing authority including *Carten v. Kent State Univ.*, 282 F.3d 391, 395–97 (6th Cir. 2002); *Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002); *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005))) *and O'Donnell*, 790 F. Supp. 2d at 307-08 ("prospective injunctive relief relating to the conditions of employment [cannot be sought where a plaintiff] voluntarily rescinded" (*i.e.,* resigned) that employment (citing *Taylor v. FDIC*, 132 F.3d 753, 767 (D.C. Cir. 1997)), *with Evoy v. Illinois State Police*, 429 F. Supp. 2d 989, 1001-02 (N.D. Ill. 2006) ("Because Evoy says that he has been suspended and recommended for termination, he . . . would appear to be entitled to pursue a claim for injunctive relief."); *cf. Emmons*, 715 F. Supp. 2d at 407 (improper to characterize, in response to a motion to dismiss, an unclear request for injunctive relief as seeking reinstatement; request for reinstatement must be clear on the face of the complaint).

[8] Because Wood is no longer employed by the Baldwin County District Attorney, is not seeking reinstatement, and, therefore, lacks standing to seek prospective injunctive relief, this Court also lacks jurisdiction over her requests for a declaratory judgment and a permanent injunction. *See, e.g., McWhinney v. Prairie View A&M Univ.*, Civil Action No. H-05-3927, 2006 WL 2253456, at *2-3 (S.D. Tex. Aug. 7, 2006) (in which the plaintiff was also no longer employed and not seeking reinstatement and, also similar to

### III. Conclusion

Therefore, it is **RECOMMENDED** that the motion to dismiss (Doc. 4) be **GRANTED** and that this case be **DISMISSED**.

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of November, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

Wood, sought (1) a permanent injunction "prohibiting [Prairie View], its officers, agents, employees and successors, from engaging in the discriminatory employment practices complained of herein" and (2) a declaration that "the practices described in this complaint exist at Defendants' places of employment and that they are unlawful[,]" the court determined that the plaintiff lacked standing to seek either form of injunctive relief (citations omitted)); *see also Martin v. Texas Dep't of Prot. & Regulatory Servs.*, No. Civ.A. H-04-4160, 2005 WL 2095194, at *7 n.3 (S.D. Tex. Aug. 30, 2005) (Rosenthal, J.) (finding that plaintiffs were not entitled to a non-prospective declaration that "the Defendant's actions were wrongful" because "such a judgment might be offered as *res judicata* on the issue of liability and would serve as a partial 'end run' around Eleventh Amendment sovereign immunity." (quoting *Green*, 474 U.S. at 73))