IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY K. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 13-00278-KD-N |
| | ) |
| HALLIE S. DIXON, in her official capacity as | ) |
| Baldwin County District Attorney, | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

This action is before the Court on a motion filed by Hallie S. Dixon (docs. 14-15), defendant herein, to dismiss plaintiff's Amended Complaint (doc. 12). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff Kathy K. Wood has responded (Doc. 17). Although permitted to file a reply (doc. 16), Dixon has neither filed a reply nor sought an extension of time within which to file a reply. Upon consideration of the pleadings, and for the reason explained herein it is RECOMMENDED that the motion to dismiss the Amended Complaint be **DENIED**.

I. Applicable Background

Wood filed her original complaint against Hallie Dixon on May 24, 2013 (doc. 1). Wood sued Dixon in her official capacity as the District Attorney of Baldwin County, Alabama, alleging that Dixon unlawfully discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 28 U.S.C. § 621 *et seq*. (doc. 1). According to this complaint, Wood, who is over the age of forty, was hired by the Baldwin County District Attorney's Office as a Victim Services Officer (a "VSO") in January 1990. (*See* Doc. 1, ¶¶ 7, 10). Defendant Dixon was elected District Attorney in June 2010 and assumed that

office in January 2011 (*see id*., ¶ 11). That same month, Dixon "substantially reduced Wood's salary"—such that it "was commensurate to a first-year VSO"; Wood's "duties and responsibilities did not change[,]" however (*id*., ¶ 12). Wood alleges that "[t]he salar[ies] of younger and substantially less experienced VSO[]s were not reduced nor were they asked to reduce their salaries" (*id*., ¶ 13), and that Dixon terminated her on or about February 18, 2011, replacing her with "a 22[-]year old female, who had substantially less experience and qualifications to hold the position of VSO." (*Id*., ¶¶ 14, 17).

Dixon filed a motion to dismiss the Original Complaint, alleging that Wood's lawsuit is barred by sovereign immunity, under the Eleventh Amendment to the United States Constitution (docs. 4-5). On November 5, 2013, the undersigned entered a Report and Recommendation (doc. 9) that the motion to dismiss be granted on the grounds, in sum, that the lawsuit was barred by the Eleventh Amendment and, because Wood "is no longer employed by the Baldwin County District Attorney's Office – and because she is not seeking reinstatement – she simply lacks standing to assert prospective injunctive relief pursuant to *Ex parte Young*[, 209 U.S. 123 (1908)]." (Doc. 9 at 10). *See Emmons v. City Univ. of N.Y.,* 715 F. Supp. 2d 394, 406-07 (E.D.N.Y. 2010)("One narrow caveat to state sovereign immunity is the doctrine, first enunciated in *Ex Parte Young*, [], that 'the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief' against state officials 'to prevent a continuing violation of federal law' because such conduct is not considered to be state action.")(*citing Green v. Mansour*, 474 U.S. 64, 68 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)). The Report and Recommendation was adopted by the District Court on November 26, 2013, but the Court withheld dismissing the case and allowed Wood an opportunity to file an amended complaint (doc. 11).

Wood filed an Amended Complaint on December 2, 2013 (doc. 12). Dixon filed a motion to dismiss the Amended Complaint on December 16, 2013 (docs. 14-15), arguing, in sum, that Wood's Amended Complaint cannot relate back to the Original Complaint under Rule 15 because "this Honorable Court expressly adopted the reasoning of the Report and Recommendation of United States Magistrate Judge Katherine P. Nelson, wherein Judge Nelson expressly concluded that the District Court lacked subject matter jurisdiction over the Plaintiff's Original Complaint, and that the Plaintiff lacked standing to pursue her ADEA claims against this Defendant." (Doc. 15 at 6). Dixon further contends that, absent any authorized relation back, Wood's Amended Complaint was not timely filed because it, namely the Amended Complaint, was "filed well beyond the required 90-day limitations period from the receipt of Plaintiff's right-to-sue letter, which was mailed on February 27, 2013." (Doc. 15 at 4). Wood filed a response on January 12, 2014 (doc. 17), arguing, in sum, that her Amended Complaint properly relates back under Rule 15 because it merely "redefine[ed] the relief sought [to include reinstatement] and did not alter either the facts or the claims asserted in the Original Complaint." (Docs. 12, 17 at 4). According to her prayer for relief in the Amended Complaint, Wood seeks, in pertinent part:

> A. Grant Plaintiff a declaratory judgment that the actions, policies and practices complained of herein of the defendant violate the provisions of Section 7(b), 29 U.S.C. Section 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et seq. ("ADEA"), which incorporates by reference Section 16(b), 29 U..S.C. Section 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201 et seq.
>
> B. Grant Plaintiff a preliminary injunction enjoining the defendant, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the

>              Plaintiff's rights to equal employment opportunities without
>              discrimination, as provided for under 29 U.S.C. Section 621,
>              et seq.
>
> C.      Enter appropriate declaratory, mandamus and injunctive relief ordering
>         and requiring that Defendant ***return Plaintiff to her position as a VSO***;
>
> D.      Enter declaratory, mandamus and injunctive relief requiring Defendants to
>         make Plaintiff whole by reinstating Plaintiff with wages at the amount
>         equal to the pay or wages Plaintiff would be earning but for Dixon's
>         unlawful policies and practices complained of herein, and but for the
>         delays Plaintiff will encounter in reaching her rightful place because of
>         business necessity and other equitable considerations.

(Doc. 12 at 7)(emphasis added).

## II. Analysis.

When a party seeks to amend her complaint after a statutory deadline has passed, such as the 90-day deadline to file suit when the EEOC issues a right-to-sue letter in an ADEA case, that party must establish that the amendment is appropriate under Rule 15(c). Rule 15(c) sets forth the circumstances under which an amendment "relates back" to the date of the timely filed original pleading. If an amendment "relates back" under Rule 15(c), it is considered timely even though it was filed outside the application limitations period. *Krupski v. Costa Crociere S.p.A, U.S.*, 560 U.S. 538, 541 (2010). Pursuant to Rule 15(c), an amendment to a proceeding relates back to the date of the original proceeding when:

> (A) the law that provides the applicable statute of limitations allows
> relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out--or attempted to be set out--
> in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party
> against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if,
> within the period provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:

4

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In the instant case, the relation back issue falls under subsection (B) because the amendment merely redefined the relief sought by Woods to make it abundantly clear that she seeks reinstatement, a form of prospective relief which undisputedly brings the action within the ambit of *Ex parte Young*. Dixon actually received notice of Wood's claims, including her claim for reinstatement, on May 29, 2013, when served with plaintiff's complaint, which states in its introductory paragraph:

> COMES NOW the Plaintiff, KATHY WOOD ("Wood") and brings forth this action against the defendant, HALLIE DIXON, in her official capacity as Baldwin County District Attorney, ("Dixon"). This is a proceeding ***for reinstatement*** and damages to redress the deprivation of rights secured to the Plaintiff by Section 7(b), 29 U.S.C. Section 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et seq. ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. Section 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201 et seq.

(Doc. 1 at 1, emphasis added). Wood's claims in the Amended Complaint certainly comply comply with Rule 15(c)(1)(B) which requires that they arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed.R.Civ.P. 15(c)(1)(B).[1]

---

[1] There is authority for the premise that, in view of Wood's introductory paragraph in her Original Complaint (doc. 1 at 1), it was unnecessary for her to file an Amended Complaint just to set forth her claim for reinstatement in her Prayer for Relief:

> In civil suits the pleadings should, no doubt, contain a prayer for judgment, so as to show that the judicial power of the court is invoked. The rules of practice also may well require that the plaintiff should indicate what remedy he seeks. But the prayer does not constitute a part of the notice guaranteed by the Constitution. The facts stated fix the limit of the relief that can be granted. While the judgment must not go beyond that to which the

(Continued)

The Court's initial determination that the Eleventh Amendment barred Wood's claim and she lacked standing was predicated on its determination that Wood had failed to assert the existence of a continuing violation and a claim for reinstatement. (Doc. 9 at 5-10). The Court acknowledged, however, that parties' agreement that "the Eleventh Amendment bars this lawsuit ***unless*** it fits under the *Ex parte Young* exception to sovereign immunity." (*Id*. at 3, *comparing* Doc. 5 at 3-6 with Doc. 7 at 1-4, emphasis in original). The Court also noted that:

> "[I]n the context of unlawful termination claims, [ ] '[e]very Circuit to have considered the issue . . . has held that claims for reinstatement to previous employment satisfy *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar.'" *Hollywood Mobile Estates Ltd. v. Cypress*, 415 Fed. App'x 207, 209-10 (11th Cir. Feb. 24, 2011) (per curiam) (quoting *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007)); *compare Doe v. Bd. of Trustees of Univ. of Ill.*, 429 F. Supp. 2d 930, 940– 41 (N.D. Ill. 2006) (neither demotion nor, where reinstatement is not sought, dismissal can be utilized to allege an ongoing violation (discussing authority including *Carten v. Kent State Univ.*, 282 F.3d 391, 395–97 (6th Cir. 2002); *Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002); *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005))) and *O'Donnell* [*v. Pennsylvania Dep't of Corr.*], 790 F. Supp. 2d [289] at 307-08 [(M.D. Pa. 2011)] ("prospective injunctive relief relating to the conditions of employment [cannot be sought where a plaintiff] voluntarily rescinded" (*i.e.*, resigned) that employment (citing *Taylor v. FDIC*, 132 F.3d 753, 767 (D.C. Cir. 1997)), *with Evoy v. Illinois State Police*, 429 F. Supp. 2d 989, 1001-02 (N.D. Ill. 2006) ("Because Evoy says that he has been suspended and recommended for termination, he . . . would appear to be entitled to pursue a claim for injunctive relief."); *cf. Emmons*, 715 F. Supp. 2d at 407 (improper to characterize, in response to a motion to dismiss, an unclear request for injunctive relief as seeking reinstatement; request for reinstatement must be clear on the face of the complaint).

---

plaintiff was entitled on proof of the allegations made, yet the court may grant other and different relief than that for which he prayed.

*Standard Oil Co. of Indiana v. State of Missouri ex inf. Hadley*, 224 U.S. 270, 285 (1912). Wood certainly did not, in any way, waive reinstatement as a potential remedy by the Court and inferring such a waiver would be error. *See e.g. Williams v. Brown*, 2009 WL 4906861 (S.D. Ga. 2009)

(*Id*. at 10, n. 7). In *Lassiter v. Alabama A & M University, Bd. of Trustees*, 3 F.3d 1482, 1485 (11th Cir. 1993), the Eleventh Circuit held:

> Official capacity actions for prospective relief, however, are not treated as actions against the state. *Kentucky v. Graham*, 473 U.S. at 167 n. 14, [] [(1985)]; *Ex parte Young*, 209 U.S. 123, 156, [] (1908). The Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief. *See Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir.1989); *Parker v. Williams*, 862 F.2d at 1475.
>
> In his complaint, Lassiter sought reinstatement as well as damages. To the extent that he still seeks ***the prospective relief of reinstatement***, his claim against Covington in his official capacity is ***not barred by the Eleventh Amendment***.

3 F.3d at 1485 (emphasis added). *See also Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995)("Appellees' request for reinstatement is not barred by the Eleventh Amendment."); *Jeongah Kim v. Alabama Agr. and Mechanical University*, 2013 WL 1834619, *2 (N.D. Ala. April 29, 2013)("Claims for declaratory relief and prospective injunctive relief against [defendants] in their official capacities, however, are not barred by Eleventh Amendment immunity."); *Ross v. Meadows*, 2010 WL 326168, * (N.D. Ga. January 21, 2010) (Plaintiff's request for reinstatement to her job is a cognizable request for prospective relief under the Ex parte Young doctrine.").

Wood has now made it clear, by setting forth her claim for reinstatement in her Prayer for Relief in the Amended Complaint, that she seeks prospective relief which is not barred by the Eleventh Amendment. (Doc. 12 at 7). Wood's Amended Complaint relates back to the filing of her Original Complaint on May 24, 2013, which is within 90-days of her receipt of the EEOC's right-to-sue letter, and is therefore timely filed under the ADEA. Dixon's motion to dismiss is due to be denied because Wood has established that subject matter jurisdiction exists in this Court and her ADEA claims for prospective relief are not barred by the Eleventh Amendment.

## III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the motion to dismiss the Amended Complaint (docs. 14-15) be **DENIED**.

## IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 17th day of March, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**